FILED
1/24/2019 1:50 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLNOIS

| | |
|---|---|
| KIMIKO SUZUE, as Special Administrator for the ESTATE OF GINZABURO SUZUE, deceased, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY BAUMGART and JOHN BAUMGART, <br><br> Defendants. | No. 19L 00000057 |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KIMIKO SUZUE, as Special Administrator for the ESTATE OF GINZABURO SUZUE, deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN LLC, and for her Complaint at Law against Defendants, ANTHONY BAUMGART and JOHN BAUMGART, states as follows:

### COUNT ONE
### (Wrongful Death – ANTHONY BAUMGART)

1. At all times relevant to this cause of action, Defendant, ANTHONY BAUMGART, resided at 26539 North Middleton Parkway, Mundelein, Lake County, Illinois.

2. On or about January 8, 2018, Midlothian Road was a public way, running in an approximate northerly and southerly direction at or near its intersection with Wrens Gate in Mundelein, Lake County, Illinois.

3. On or about January 8, 2018, decedent, GINZABURO SUZUE, was lawfully riding a bicycle in a southerly direction on Midlothian Road, at or near its intersection with Wrens Gate, in Mundelein, Illinois.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM _____ ON
_____ AT _____ A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.


DEFENDANT'S EXHIBIT 1

4. At that same time and place, Defendant, ANTHONY BAUMGART, in the capacity of agent and/or servant of Defendant, JOHN BAUMGART, was operating, managing, and/or controlling a motor vehicle in a southerly direction on Midlothian Road, at or near its intersection with Wrens Gate, in Mundelein, Illinois.

5. At that time and place, it was the duty of Defendant, ANTHONY BAUMGART, as agent and/or servant to Defendant, JOHN BAUMGART, to exercise ordinary care in his ownership, operation, maintenance and/or control of said motor vehicle to avoid placing others in danger and to avoid a collision, so as not to cause injury or death to others lawfully upon the roadways, including decedent, GINZABURO SUZUE.

6. At that time and place, Defendant, ANTHONY BAUMGART, as agent and/or servant of Defendant, JOHN BAUMGART, drove said vehicle southbound on Midlothian Road near its intersection with Wrens Gate in Mundelein, Illinois, his vehicle made physical contact with the decedent, GINZABURO SUZUE, and the bicycle he was riding in the same direction of travel.

7. At the time and place alleged above, notwithstanding his aforesaid duty, Defendant, ANTHONY BAUMGART, as agent and/or servant of Defendant, JOHN BAUMGART, was guilty of one or more of the following negligent acts and/or omissions:

   (a) Negligently and carelessly operated his vehicle at an excessive rate of speed which endangered the safety of persons on the roadway, in violation of 625 ILCS 5/11-601(a); or

   (b) Negligently and carelessly failed to reduce the speed of his vehicle so as to avoid a collision, in violation of 625 ILCS 5/11-601(a); or

   (c) Negligently and carelessly operated and controlled his vehicle at a speed that was greater than was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601; or

(d) Negligently and carelessly operated and controlled a motor vehicle while using an electronic communication device in violation of 625 ILCS 5/12-610.2; or

(e) Negligently and carelessly failed to give audible warning of approach when such warning was reasonably necessary to ensure safe operation of the vehicle, contrary to and in violation of 625 ILCS 5/12-601; or

(f) Negligently and carelessly failed to properly stop and/or slow the motor vehicle when danger to GINZABURO SUZUE was imminent; or

(g) Negligently and carelessly failed to maneuver his vehicle in order to avoid striking GINZABURO SUZUE; or

(h) Negligently and carelessly failed to keep a safe and proper lookout while driving; or

(i) Negligently and carelessly failed to properly maintain the vehicle so that it would not be involved in a collision; or

(j) Otherwise negligently and carelessly operated his vehicle so that it collided with GINZABURO SUZUE.

8. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant ANTHONY BAUMGART, in his capacity as agent and/or servant of Defendant, JOHN BAUMGART, decedent, GINZABURO SUZUE, suffered severe injuries when he was struck by the automobile being driven by ANTHONY BAUMGART; and as a result of his injuries, GINZABURO SUZUE died on January 8, 2018.

9. GINZABURO SUZUE left surviving the following heirs and next of kin:

(a) his adult daughter Sumiko Sarle;

(b) his adult daughter, Kimiko Suzue; and

(c) his adult son, Kenta Suzue.

10. The foregoing Heirs and Next of Kin have sustained substantial pecuniary loss and damages as a result of the death of GINZABURO SUZUE.

11. The plaintiff, KIMIKO SUZUE, has been appointed by the Court as the Special Administrator of the ESTATE OF GINZABURO SUZUE.

12. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the plaintiff, KIMIKO SUZUE, as Special Administrator of the Estate of GINZABURO SUZUE, deceased, respectfully prays for judgment against the Defendant, ANTHONY BAUMGART, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of GINZABURO SUZUE, together with costs of this suit.

## COUNT TWO
### (Wrongful Death – JOHN BAUMGART)

1. At all times relevant to this cause of action, Defendant, JOHN BAUMGART, resided at 26539 North Middleton Parkway, Mundelein, Lake County, Illinois.

2. On or about January 8, 2018, Midlothian Road was a public way, running in an approximate northerly and southerly direction at or near its intersection with Wrens Gate in Mundelein, Lake County, Illinois.

3. On or about January 8, 2018, decedent, GINZABURO SUZUE, was lawfully riding a bicycle in a southerly direction on Midlothian Road, at or near its intersection with Wrens Gate, in Mundelein, Illinois.

4. At that same time and place, Defendant, JOHN BAUMGART, by and through his agent and/or servant, Defendant, ANTHONY BAUMGART, was operating, managing, and/or controlling a motor vehicle in a southerly direction on Midlothian Road, at or near its intersection with Wrens Gate, in Mundelein, Illinois.

5. At that time and place, it was the duty of Defendant, JOHN BAUMGART, by and through his agent and/or servant, Defendant, ANTHONY BAUMGART, to exercise ordinary care in his ownership, operation, maintenance and/or control of said motor vehicle to avoid placing others in danger and to avoid a collision, so as not to cause injury or death to others lawfully upon the roadways, including decedent, GINZABURO SUZUE.

6. At that time and place, Defendant, ANTHONY BAUMGART, in the capacity of agent and/or servant of Defendant, JOHN BAUMGART, drove said vehicle southbound on Midlothian Road near its intersection with Wrens Gate in Mundelein, Illinois, his vehicle made physical contact with the decedent, GINZABURO SUZUE, and the bicycle he was riding in the same direction of travel.

7. At the time and place alleged above, notwithstanding his aforesaid duty, Defendant, JOHN BAUMGART, by and through his agent and/or servant, Defendant, ANTHONY BAUMGART, was guilty of one or more of the following negligent acts and/or omissions:

(a) Negligently and carelessly operated his vehicle at an excessive rate of speed which endangered the safety of persons on the roadway, in violation of 625 ILCS 5/11-601(a); or

(b) Negligently and carelessly failed to reduce the speed of his vehicle so as to avoid a collision, in violation of 625 ILCS 5/11-601(a); or

(c) Negligently and carelessly operated and controlled his vehicle at a speed that was greater than was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601; or

(d) Negligently and carelessly operated and controlled a motor vehicle while using an electronic communication device in violation of 625 ILCS 5/12-610.2; or

(e) Negligently and carelessly failed to give audible warning of approach when such warning was reasonably necessary to ensure safe operation of the vehicle, contrary to and in violation of 625 ILCS 5/12-601; or

(f) Negligently and carelessly failed to properly stop and/or slow the motor vehicle when danger to GINZABURO SUZUE was imminent; or

(g) Negligently and carelessly failed to maneuver his vehicle in order to avoid striking GINZABURO SUZUE; or

(h) Negligently and carelessly failed to keep a safe and proper lookout while driving; or

(i) Negligently and carelessly failed to properly maintain the vehicle so that it would not be involved in a collision; or

(j) Otherwise negligently and carelessly operated his vehicle so that it collided with GINZABURO SUZUE.

8. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, JOHN BAUMGART, by and through his agent and/or servant Defendant, ANTHONY BAUMGART, decedent, GINZABURO SUZUE, suffered severe injuries when he was struck by the automobile being driven by Defendant, ANTHONY BAUMGART; and as a result of his injuries, GINZABURO SUZUE died on January 8, 2018.

9. GINZABURO SUZUE left surviving the following heirs and next of kin:

(a) his adult daughter Sumiko Sarle;

(b) his adult daughter, Kimiko Suzue; and

(c) his adult son, Kenta Suzue.

10. The foregoing Heirs and Next of Kin have sustained substantial pecuniary loss and damages as a result of the death of GINZABURO SUZUE.

11. The plaintiff, KIMIKO SUZUE, has been appointed by the Court as the Special Administrator of the ESTATE OF GINZABURO SUZUE.

12. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the plaintiff, KIMIKO SUZUE, as Special Administrator of the ESTATE OF GINZABURO SUZUE, deceased, respectfully prays for judgment against the Defendant, JOHN BAUMGART, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of GINZABURO SUZUE, together with costs of this suit.

Respectfully submitted,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: /s/          Sean P. Murray

Sean P. Murray ARDC# 6275575
Marc A. Taxman ARDC# 6198259
Haig A. Himidian ARCD# 6313044
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 W. Wacker, Suite 1750
Chicago, Illinois 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
mtaxman@tpmblegal.com
hhimidian@tpmblegal.com

## AFFIDAVIT

I, SUMIKO SARLE, being first duly sworn on oath, depose and state that if I were called upon to testify, I would do so as follows:

1. My father, Ginzaburo Suzue, died on January 8, 2018, in Mundelein, Illinois. See Certification of Death Record which is attached hereto as Exhibit "D."

2. That I am a natural born child of Ginzaburo Suzue, deceased.

3. That I am over 18 years of age.

4. That I am a person entitled to recovery under The Wrongful Death Act, 740 ILCS 180/1.

5. That I am in agreement to have my sister, Kimiko Suzue, be appointed as the Special Administrator for my late father's Estate.

_____
Sumiko Sarle

SUBSRIBED AND SWORN TO
Before me this 16th day of January, 2019.

_____
Notary Public

DENNIS SHAW
Notary Public, State of Ohio
My Commission Expires
January 27, 2021

1

EXHIBIT
B

## AFFIDAVIT

I, KENTA SUZUE, being first duly sworn on oath, depose and state that if I were called upon to testify, I would do so as follows:

1. My father, Ginzaburo Suzue, died on January 8, 2018, in Mundelein, Illinois. See Certification of Death Record which is attached hereto as Exhibit "D."

2. That I am a natural born child of Ginzaburo Suzue, deceased.

3. That I am over 18 years of age.

4. That I am a person entitled to recovery under The Wrongful Death Act, 740 ILCS 180/1.

5. That I am in agreement to have my sister, Kimiko Suzue, be appointed as the Special Administrator for my late father's Estate.

_____
Kenta Suzue

SUBSRIBED AND SWORN TO

Before me this 16 day of January, 2019.

_____
Notary Public

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of Santa Clara
Subscribed and sworn to (or affirmed) before me on this 16 day of January, 2019.
by Kenta Suzue
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature: _____

LIZZET ARGUERA
COMM. #2237463
Notary Public - California
Santa Clara County
My Comm. Expires Apr. 8, 2022

1


EXHIBIT C